PER CURIAM:
Claimants brought this action for damage to their vehicle after claimant Betty J. Johnson was driving the vehicle and she drove into a hole in a road maintained by the respondent in Braxton County. The Court on its own motion amended the claim to reflect the proper parties.
The incident giving rise to this claim occurred on September 23, 1996, at approximately 4:00 p.m. Claimant Betty Johnson was driving a 1995 Dodge Stratus southbound on WV Route 4 in Flatwoods between a bowling alley and a Go-Mart convenience store. The evidence adduced at hearing established that the claimant encountered a large hole in the road, resulting in a flat tire and a bent wheel rim. The claimant submitted repair bills in the amount of $489.10. Claimant’s insurance deductible was in the amount of $500.00.
The hole in question was described as approximately 12 to 14 inches in diameter. At the time, the respondent had hired an outside contractor who was engaged in paving activities in the area at the approximate time of the claimant’s accident. Under the terms of this paving contract, the respondent was to be held harmless from any damages that might arise as a result of the performance of the paving work. The evidence is conflicting as to whether the claimant’s accident occurred during the performance of this contract or at some earlier time. However, at some point in this general time frame, the respondent received a complaint about the road and completed an examination at which time no large holes were discovered.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). In order to hold the respondent liable for defects of this type, the claimant must prove that the respondent knew or had reason to know of the defect. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court, while sympathetic to the claimants’ position, is of the opinion that there is insufficient evidence of negligence on the part of the respondent upon which to base an award. Therefore, in view of the foregoing, the Court is constrained by the evidence to deny the claim.
Claim disallowed.